IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DIANE BLANTON, | ) |
| Plaintiff, | ) ) ) |
| vs | ) Civil Action No. 20-1534 |
| STATE FARM FIRE AND CASUALTY CO., | ) ) ) |
| Defendant. | ) ) |

**MEMORANDUM OPINION**

Plaintiff Diane Blanton ("Blanton") has brought an action for breach of contract against Defendant State Farm Fire and Casualty Co. ("State Farm") arising from State Farm's denial of coverage for an insurance claim.

By way of brief background, State Farm's motion to dismiss the original Complaint was granted without prejudice. Blanton then filed an Amended Complaint (ECF No. 18), which State Farm again moves to dismiss. For the reasons that follow, State Farm's motion (ECF No. 19) will be granted and the Amended Complaint will be dismissed without prejudice with leave to amend.

**I.   Facts Pleaded in Complaint**

State Farm issued a policy of insurance to Blanton that provides certain coverage for property she owns at 609 Dorseyville Road, Pittsburgh, Pennsylvania (the "Policy"). She alleges that on or about August 27, 2019, while the Policy was in full force and effect, there was a sudden and accidental direct physical loss to the property which she describes as "water damage resulting in damages." She provided State Farm with timely notice of the loss and fully complied with all the terms and conditions required by the Policy. She alleges, however, that State Farm refused to fully compensate her for the loss without justification. (Am. Compl. ¶¶ 5-8 & Ex. A.)

Blanton alleges that State Farm admitted there was water damage from a frozen downspout, applied coverage and prepared an estimate. However, Blanton disputes that it fully compensated her for the loss. State Farm denied coverage for damages to the interior of the property because they were due to "continuous exposure of water from the downspout." State Farm also concluded that there was degradation of structural areas resulting in deterioration, rot and mold inside the soffit under the gutter. Thus, State Farm concluded that these damages were not covered by the Policy.

Blanton notes that the Policy does not define "continuous exposure," "degradation," "deterioration," "rot" or "mold." Somewhat inconsistently, she alleges that the damages to her property cannot be characterized as degradation, deterioration, rot or mold. Even if they could be so characterized, she asserts, these damages would be covered under the Policy because they were caused by a sudden and accidental release of water from the cracking of the downspout, and therefore, were a covered event. (*Id.* ¶¶ 9-17.) She alleges that "the resulting damage from the cracked downspout are not excluded by the terms of the policy." (*Id.* ¶ 18.)

Although State Farm partially covered her loss, Blanton claims that State Farm breached the terms of the Policy by failing to fully compensate her for the amount that she spent to repair the damages to her property.

**II.   Discussion**

In the March 19, 2021 Opinion that granted State Farm's motion to dismiss, the Court stated in relevant part that:

> Thus, as pleaded, Ms. Blanton's breach of contract claim fails to state a claim upon which relief may be granted. To be clear, the Court concludes that "deterioration, rot, wear, tear, and cracking" are Losses Not Insured as defined in the Policy, and that Ms. Blanton's interpretation of the Policy is unavailing. Simply put, there is no coverage for these types of damages.

> As noted above, however, a curative amendment must be allowed unless it would be inequitable or futile. Ms. Blanton states in her Brief in Opposition that she "has never conceded that the damage to the property should be classified as 'deterioration, rot, wear, tear, cracking or which is the result of mold." (ECF No. 12 at 5.) Notably, the Complaint does not define the "resulting damages" other than to vaguely describe it as water damage. Therefore, the Court cannot conclude as a matter of law that amendment would be futile in the event that Ms. Blanton claims that her property sustained "resulting damages" that are not excluded by the terms of the Policy. Therefore, with respect to Count I, the motion to dismiss will be granted with leave to amend in the event that Ms. Blanton can specifically define any "resulting damages" that are not excluded by the terms of the Policy.

(Memo. Op. at 8.)[1]

Blanton's Amended Complaint does not cure the deficiencies of the original Complaint. After vaguely defining the loss as "water damage resulting in damages," Blanton merely pleads what the damages do *not* consist of, i.e., continuous exposure of water, degradation, deterioration, rot or mold. While she notes that these Policy terms are not defined, she does not allege how this is relevant to her claim. Further, although she alleges that she sustained a sudden and accidental loss to her property on August 27, 2019, her failure to plead the nature of this event other than to say it was "water damage" does not provide an adequate explanation of the basis for her breach of contract claim. While the release of water is alleged to have been sudden, the Amended Complaint also alleges that the damages resulted from a cracked and "frozen" downspout. Without any further explanation, this suggests that August 27, 2019 was the date that Blanton discovered the damage, not the date on which the initial "water damage" actually occurred. Moreover, Blanton does not define the nature of the damages that occurred after the operative event on August 27.  Without such specificity, there is simply no way to determine if Blanton can state a claim that her loss is covered under the Policy.

Simply put, while Rule 8 of the Federal Rules of Civil Procedure only requires a short and

---

[1] Blanton's original Complaint also contained a count for bad faith, but she did not reassert it in the Amended Complaint.

plain statement of the claim that shows an entitlement to relief, Blanton has again failed to meet this standard. Therefore, State Farm's motion to dismiss the Amended Complaint will be granted. Because the vague statement of her claim does not permit a conclusive assessment of whether amendment would be futile, Blanton will be given a final opportunity to amend her pleading.

      An appropriate order follows.

Dated: July 26, 2021                              BY THE COURT:

                                                  /s/Patricia L. Dodge
                                                  PATRICIA L. DODGE
                                                  United States Magistrate Judge